# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **NEW BEGINNINGS HEALTHCARE** | ) | |
| **FOR WOMEN, LLC, on behalf of itself** | ) | |
| **And all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **NO.: _____** |
| | ) | |
| **EVO PAYMENTS INTERNATIONAL,** | ) | |
| **LLC, and EVO MERCHANT** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendants EVO Payments International, LLC and EVO Merchant Services, LLC (collectively "EVO") hereby file this Notice of Removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1446 and 1453 on the basis of the following facts, which show that the case may be removed to this Court:

1.     EVO has been sued in a civil action entitled *New Beginnings Healthcare for Women, LLC v. EVO Payments International, LLC and EVO*

*Merchant Services, LLC*, Civil Action File No. 2017CV285034, in the Superior Court of Fulton County, Georgia.

2.      This case may be removed to this Court pursuant to 28 U.S.C. §§ 1446 and 1453 because EVO has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I.     EVO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3.      Plaintiff served EVO with the Complaint on or about February 13, 2017. *See* Exhibit A. Accordingly, this Notice of Removal is timely because it was filed within thirty days after receipt by EVO, through service or otherwise, of a copy of the "initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable." 28 U.S.C. § 1446(b).

4.      As of the date of removal, EVO has not filed a responsive pleading to the Complaint.

5.      Venue lies in the United States District Court for the Northern District of Georgia because the original action was filed in a state court located within the Northern District of Georgia. This Court is, therefore, the proper venue for

removal.  It is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.     True and exact copies of the Summons and Complaint served on EVO are attached as Exhibit A, and all other process, pleadings, and orders served on EVO in this matter are attached as Exhibit B.

7.     A copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of Fulton County, Georgia.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION

8.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d).

9.     As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Plaintiff; (2) at least one member of the proposed class is a citizen of a different state than at least one Defendant; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.

**A.     Number of Class Members**

10.    Plaintiff purports to bring this case as a class action on behalf of "[a]ll EVO merchant customers in the United States that were assessed an unauthorized fee for payment processing, excepting any customers as to which EVO and Deutsche Bank each approved and signed the merchant's proposed contract." Compl. ¶ 39. The Complaint alleges that there are "thousands of merchants that have been damaged by Defendants' wrongful conduct." *Id.* ¶ 43.

11.    Based on these allegations, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    Minimal Diversity**

12.    Under CAFA, this Court has original jurisdiction when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant. . . .).

13.    For purposes of assessing minimal diversity under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has

its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

14.    EVO Payments International, LLC ("EVO Payments") is, and was at the time it was served with the Complaint, an unincorporated association organized under the laws of the State of Delaware. Compl. ¶ 17. EVO Payments maintains corporate offices in Melville, New York and Atlanta, Georgia and, thus, could be considered to maintain its principal place of business only in Georgia or New York. Decl. of Kevin M. Hodges, ¶ 6.

15.    EVO Merchant Services, LLC ("EVO Merchant") is, and was at the time it was served with the Complaint, an unincorporated association organized under the laws of the State of Delaware. Compl. ¶ 20. EVO Merchant has its principal place of business in Melville, New York. Decl. of Kevin M. Hodges, ¶ 8.

16.    EVO Payments is a citizen of New York, Delaware, and Georgia. EVO Merchant is a citizen of Delaware and New York.

17.    Plaintiff alleges that it is a citizen of Pennsylvania. Compl. ¶ 16.

18.    Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

C.    **Amount in Controversy**

19.    At the appropriate time, EVO will demonstrate that Plaintiff and the putative class are not entitled to any of the relief sought in the Complaint. For purposes of removal, however, the allegations in the Complaint, accepted as true, demonstrate that the amount in controversy exceeds $5 million.

20.    Plaintiff alleges that EVO engaged in a common course of conduct to charge its merchant customers improper and excessive fees for credit and debit card processing. Compl. ¶¶ 1, 29.

21.    The putative class alleged in the Complaint consists of "All EVO Merchant customers in the United States that were assessed an unauthorized fee for payment processing, excepting any customers as to which EVO and Deutsche Bank each approved and signed the merchant's proposed contract." Compl. ¶ 39.

22.    According to the Complaint, EVO processes $50 billion in transactions annually and actively services over 500,000 merchant customer businesses. Compl. ¶ 18. Approximately 150,000 of its merchant customer businesses are located in the United States. *See* Decl. of Kevin M. Hodges, ¶ 9.

***Declaratory Relief***

23.    Plaintiff alleges that EVO's standard practice is to never procure signatures from its own authorized officer on Merchant Applications with

6

customers, so that EVO can be "free from any contractual constraints on what it can charge merchants." Compl. ¶ 29.

24.    Plaintiff alleges that although it signed an EVO Merchant Application, EVO did not sign the Application, therefore "no binding contract was ever consummated between the parties." Compl. ¶¶ 25, 29.

25.    On behalf of itself and the putative class, Plaintiff seeks declaratory relief "that there is no binding, enforceable contract between EVO, on the one hand, and Plaintiff and the Class members on the other hand." Compl. ¶ 56.

26.    Assuming, without admitting, that "EVO never procures signatures" on Merchant Applications, except in "extremely rare instance[s]," Compl. § 29, then a significant number, if not all, of EVO's 150,000 United States merchant customer businesses would be included in Plaintiff's class definition.

27.    Thus, the Complaint challenges the validity of virtually all 150,000 of EVO's merchant arrangements. The monetary value of those arrangements far exceeds $5 million.

### *Restitution*

28.    The Complaint also seeks, among other remedies, restitution of all improper fees assessed against Plaintiff and the Class Members. Compl., Prayer ¶ 1.

29.    Plaintiff alleges that it was improperly charged, among other fees, a Shipping Fee of $29.99, a Non-PCI Fee of $19.99, a PCI Compliance Fee of $99, and a regulatory reporting fee of $99. Compl., ¶ 32.

30.    Assuming, without conceding, that every United States merchant customer was improperly charged those same fees at least once, each merchant would be entitled to a minimum of $247.98 in "improper fees." Based on these allegations, and considering the total number of merchant customers, the amount of restitution at issue would be in excess of $10 million.  *Id.*; *see also* Decl. of Kevin M. Hodges, ¶ 11.

**All Remedies**

31.    The Complaint also seeks disgorgement, damages, and attorney's fees. Compl., Prayer ¶ 2.

32.    While the claims in the Complaint fail on the merits and class certification is not appropriate in this action, based on the Complaint's allegations, the amount in controversy (including, but not limited to, the requested declaratory relief, restitution, disgorgement, damages, and attorney's fees) exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

## III.    CONCLUSION

33.    For all the reasons stated above, this action is removable to this Court

pursuant to 28 U.S.C. §§ 1446 and 1453, and this Court may exercise jurisdiction

over this matter pursuant to 28 U.S.C. § 1332(d).

34.    Promptly after the filing of this Notice of Removal, in accordance

with 28 U.S.C. § 1446(d), EVO will give written notice of the Notice of Removal

to Plaintiff and will file a copy of this Notice of Removal with the clerk of the

Superior Court of Fulton County, Georgia.

WHEREFORE, this action is hereby removed from the Superior Court of

Fulton County, Georgia to the United States District Court for the Northern District

of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1446 and 1453.

Respectfully submitted this 15th day of March, 2017.

**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5138
dbalser@kslaw.com
jchally@kslaw.com
jbarrett@kslaw.com
ahill@kslaw.com

/s/ *Jonathan R. Chally*
David L. Balser
Georgia Bar No. 035835
Jonathan R. Chally
Georgia Bar No. 141392
Julia C. Barrett
Georgia Bar No. 354322
Allison Lynn Hill
Georgia Bar No. 969760

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2017, I certify that I have mailed by

United States Postal Service the document titled **NOTICE OF REMOVAL** to the

following counsel of record:

> E. Adam Webb
> Matthew C. Klase
> WEBB, KLASE & LEMOND, LLC
> 1900 The Exchange, S.E., Suite 480
> Atlanta, Georgia 30339
> Adam@WebbLLC.com
> Matt@WebbLLC.com

**KING & SPALDING LLP**              /s/ *Jonathan R. Chally*
1180 Peachtree Street, N.E.          Jonathan R. Chally
Atlanta, Georgia 30309-3521          Georgia Bar No. 141392
Telephone: (404) 572-4600            jchally@kslaw.com
Fax: (404) 572-5139

                                     *Counsel for Defendants*